IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| IP COMMUNICATION SOLUTIONS, LLC, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> VIBER MEDIA (USA) INC. ) <br> ) <br> Defendant. ) <br> ) | C.A. No. 16-134-GMS <br><br> JURY TRIAL DEMANDED |

## MEMORANDUM

### I. INTRODUCTION

Plaintiff IP Communications Solutions, LLC ("IPCS") filed a patent infringement suit against Viber Media (USA) Inc. ("Viber"), on March 4, 2016. (D.I. 1). Plaintiffs subsequently filed an Amended Complaint on May 31, 2016. (D.I. 14). The Amended Complaint accused Defendant of direct and induced infringement of U.S. Patent No. 9,247,071 ("the '071 patent"), directed to Methods and Systems for Providing Portable VoIP Services. *Id.* Presently before the court is Viber's Motion to Dismiss for Failure to State a Claim, filed June 14, 2016. (D.I. 16).

For the reasons discussed below, the court grants Defendant's motion in-part and denies it in-part.

### II. BACKGROUND

In the Amended Complaint, Plaintiff accuses Defendant of infringing at least claims 49, 51, 52, 54 and 56 of the '071 patent by "making, using, selling, offering to sell, and/or selling within, and/or importing into, the United States, a VoIP server system that supports its Viber Mobile VoIP application." (D.I. 14, ¶ 12). The Amended Complaint includes a claim chart comparing each element of the asserted claims and Viber's sever system that supports its VoIP

application. *Id.* at Ex. 2. Plaintiff also includes print-outs from Defendant's webpage, as well as Defendant's privacy policy, to support their allegations about Defendant's system's functionality in the claim chart. *Id.* at Addendum.

The Amended Complaint also alleges indirect infringement—specifically, induced infringement—of claims 49, 51, 52, 54 and 56 of the '071 patent. *Id.* ¶ 15. Plaintiff alleges that Defendant has "been on notice of the '071 patent since at least service of the original complaint in this matter." *Id.* ¶ 16. Plaintiffs provide exemplary evidence from Defendant's website to demonstrate that Defendant "instructs and encourage[s] users to use the Viber VoIP app, and the VoIP server system that supports the Viber VoIP app, in a manner that infringes the '071 patent." *Id.* ¶ 19. Such examples include: (1) a webpage that instructs and encourages users to use the VoIP application to make VoIP calls; (2) a webpage that provides support and instruction to users on how to make VoIP calls using the Viber VoIP application; and (3) a webpage detailing a "Media Kit" that further encourages users to make VoIP calls using the Viber VoIP app and the server system. *Id.* ¶¶ 20–22.

Viber filed a Motion to Dismiss for Failure to State a Claim in which it argues that IPCS' Amended Complaint fails to satisfy the pleading standards for both direct and induced infringement. For the reasons that follow, the court will deny the Motion for claims of direct infringement, but grant the Motion, without prejudice, for allegations of induced infringement.

### III. LEGAL STANDARD

Rule 12(b)(6) of the Federal Rules of Civil Procedure provides for dismissal where the plaintiff "fail[s] to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). In considering a motion to dismiss, the court "accept[s] all factual allegations as true, construe[s] the complaint in the light most favorable to the plaintiff, and determine[s] whether, under any

reasonable reading of the complaint, the plaintiff may be entitled to relief." *Phillips v. Cnty. of Allegheny*, 515 F.3d 224, 233 (3d Cir. 2008). Plaintiffs must provide sufficient factual allegations "to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). This requirement of plausibility is satisfied when "the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 556). "Determining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief, in order to give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atl. Corp.*, 550 U.S. at 545.

## IV. DISCUSSION

Viber contends the Amended Complaint fails to satisfy the *Twombly/Iqbal* pleading standard for direct infringement because it does not adequately identify the accused instrumentality. (D.I. 17 at 1). Viber also contends that the Amended Complaint fails to plead all necessary elements of a claim for induced infringement. (D.I. 17 at 7.) The court will address each in turn.

### A. Direct Infringement

As an initial matter, Form 18 no longer provides the proper measure for the sufficiency of a complaint that alleges direct infringement. Because the Advisory Committee for the Federal Rules of Civil Procedure abrogated Rule 84 and the Appendix of Forms effective December 1, 2015, the court must apply the *Twombly/Iqbal* pleading standard to the plaintiffs' complaint which

3

was filed on March 4, 2016.[1] The court finds that IPCS has met its burden under *Twombly/Iqbal*.

This District's local rules provide that "[w]ithin 30 days after the Rule 16 Conference and for each defendant, the plaintiff shall specifically identify the accused products and the asserted patent(s) they allegedly infringe, and produce the file history for each asserted patent." D. Del. Default Std. §4.a. These rules were promulgated post *Twombly/Iqbal* and are consistent with the Federal Rules of Civil Procedure's and courts' concern that a complaint "give[s] the defendant fair notice of what the . . . claim is and the grounds upon which it rests."[2] *Twombly*, 550 U.S. 544, 555 (2007); *Iqbal*, 556 U.S. 662, 698 (2009).

Viber contends that IPCS' Amended Complaint fails to place Viber on notice of what is accused because the Complaint makes "generic infringement allegations[s]," "directed to an undefined 'V[o]IP server system that supports Viber's application. (D.I. 17 at 6). Defendant cites *Bender v. LG Elecs. U.S.A., Inc.*, No. C 09-02114 JF (PVT), 2010 WL 889541, at *1 (N.D. Cal. Mar. 11, 2010), *Wistron Corp. v. Phillip M. Adams & Assocs. LLC*, No. C-10-4458 EMC, 2011 WL 4079231, *1 (N.D. Cal. Sept. 12, 2011), and *Fifth Marker Inc. v. CME Group, Inc.*, C.A. No. 08-520-GMS, 2009 WL 5966836, *1 (D. Del. May 14, 2009) in support of its argument that the

---

[1] Unlike *Raindance Tech. v. 10X Genomics, Inc.*, C.A. No. 11-1092, 2016 WL 927143 (D. Del. Mar. 4, 2016) where Judge Andrews applied the post-December 1, 2015 direct infringement pleading standard to the amended complaint "in the interest of justice," here, this court finds such an exercise of discretion unnecessary because the Amended Complaint was filed after the effective date. *See Avago Techs. Gen. IP (Singapore) PTE Ltd. v. Asustek Computer, Inc.*, No. 15-CV-04525-EMC, 2016 WL 1623920, at *4 (N.D. Cal. Apr. 25, 2016) (citing *Maybe Pharma Int'l PTY Ltd. v. Merck & Co.*, No. 15-438-LPS-CJB, 2015 U.S. Dist. LEXIS 162912, at *4-5 n.1 (D. Del. Dec. 3, 2015) (noting that "[a]mendments to the Federal Rules of Civil Procedure taking effect on December 1, 2015 abrogate Rule 84 and the Appendix of Forms, including Form 18" and that, "[u]nder the new rules, allegations of direct infringement will be subject to the pleading standards established by *Twombly* and *Iqbal*, requiring plaintiffs to demonstrate a 'plausible claim for relief'").

[2] *See In re Ins. Brokerage Antitrust Litig.*, 618 F.3d 300, 319 (3d Cir. 2010) (recognizing that a claim to relief is plausible when the complaint alleges enough facts to create a reasonable expectation that discovery will yield evidence of illegality); *Cf. Windy City Innovations, LLC, v. Microsoft Corp.*, No. 16-cv-01729-YGR, 2016 WL 3361858, at *5 (N.D. Cal. June 17, 2016) (denying a motion to dismiss in which the defendant alleged plaintiffs were obligated to explain which specific products infringed each specific claim asserted because the district's local rules delegated such disclosure to discovery).

direct infringement claim should be dismissed.

In *Bender*, the court dismissed a complaint which accused only "categories of products" the defendants produced "by way of example and without limitation." 2010 WL 889541, at *2. The *Bender* court explained that "[s]ufficient allegations would include, at a minimum, a brief description of what the patent at issue does, and an allegation that certain named and specifically identified products or product components also do what the patent does." *Id.* at *6. Similarly, in *Wistron*, the court dismissed the complaint because it only listed the categories of allegedly infringing products without identifying any specific examples of a particular infringing computer chip, motherboard, or computer. 2011 WL 4079231, at *3. In *Fifth Marker*, this court found that the defendants were not provided with fair notice of how they infringe the patents-in-suit because none of Fifth Marker's claims contained any reference to a single infringing product or method. 2009 WL 5966836, at *1. In fact, the only reference to the defendant's product was in the facts section of the complaint. *Id.* Here, Viber argues that IPCS' allegation that an "undefined" server system infringes the '071 patent is analogous to *Bender's* and *Wistron's* allegations naming broad categories of infringing products. *See* (D.I. 17 at 6–7). Accordingly, Viber states that IPCS' Amended Complaint fails to provide meaningful identification of the accused instrumentality. (D.I. 19 at 3). The court is not persuaded.

IPCS' Amended Complaint provides specific details of how Defendant's application and servers infringe the '071 patent claims. (D.I. 14, Ex.2). Defendants acknowledge that fact, but state that they must be on notice of specifically what products infringe. This case is easily distinguishable from the cases that Defendants cite, however, because the patent-in-suit is directed to *methods* and *systems* for providing a service. (D.I. 1). The cases that Defendant cites all dealt primarily with product claims. *See Wistron*, 2011 WL 4079231 at *3; *Bender*, 2010 WL 889541,

5

at *2; *Fifth Marker*, 2009 WL 5966836, at *1. The patent at issue in *Bender*, for instance, was directed to electrical circuity—a buffered transconductance amplifier. 2010 WL 889541 at *2. IPCS' patent is not directed to a specific product, but instead, to a server system that comprises a number of components. '071 patent, col. 34, l. 28–col.35, l.27. The way those components work together to communicate with a plurality of portable endpoints is the novelty of the invention. *Id.* col. 2, l. 30–col. 3, l. 3.

IPCS' claim chart plausibly alleges how Viber's network-based system provides VoIP services in a way that meets all of the claim limitations of the patents-in-suit. (D.I. 14, Ex. 2). For example, Viber's Privacy Policy describes the functionality of its servers—"[a] copy of the phone numbers and names in your address book . . . will be stored on our servers." (D.I. 14, Addendum at 2). One limitation of claim 49 of the '071 patent requires "a database that includes a plurality of VoIP subscriber identifiers associated with a respective plurality of users." Col. 41, ll. 6–8. To require that IPCS name a specific infringing product would be nonsensical in this instance. It is unclear how IPCS can be any more specific about what aspects of Viber's technology infringe its patent when IPCS likely does not have access to Viber's computer code.

It is also worth noting that the primary function of a complaint is to put defendants on "notice as to what [they] must defend." *McZeal v. Sprint Nextel Corp.*, 501 F.3d 1354, 1357 (Fed. Cir. 2007). In two of the cases Defendants cite, the alleged infringers marketed a number of products that could possibly infringe the asserted patents, at least according to the plaintiffs' broad allegations in the complaints. *See Wistron*, 2011 WL 4079231 at *3; *Bender*, 2010 WL 889541. Here, Viber provides a mobile VoIP client application program. (D.I. 17 at 1). The program is supported by a server that performs a number of functions, as is made clear from Viber's own documentation. *See* (D.I. 14, Addendum). Accordingly, Viber cannot persuasively argue that it

6

is not on notice of what it must defend in this suit. Thus, the court concludes that IPCS' Amended Complaint contains averments sufficient to withstand Viber's Motion to Dismiss.

### B. Induced Infringement

To adequately plead a claim of induced infringement, a plaintiff must demonstrate that "the plaintiff's patent is directly infringed," *Cipla Ltd. v. Sunovion Pharm. Inc.*, 174 F. Supp. 3d 869, 872 (D. Del. 2016), "allege that the defendant knew of the patent[,] and that the induced acts constitute patent infringement. *Addiction & Detoxification Inst. L.L.C. v. Carpenter*, 620 F. App'x 934, 938 (Fed. Cir. 2015). A plaintiff must allege facts that support the belief that the defendant had knowledge not only of the existence of the patent-in-suit, but also, that the acts it induced would infringe that patent. *Commil USA, LLC v. Cisco Sys., Inc.*, 135 S. Ct. 1920, 1926, 191 L. Ed. 2d 883 (2015).

Viber contends that "[n]othing in IPCS' Amended Complaint plausibly shows that Viber specifically intend that 'end users of Viber Mobile infringe the asserted patent, or that Viber knew the acts of such unspecified 'end users' constituted infringement." (D.I. 17 at 6). The court agrees. IPCS failed to provide facts that would allow the court to reasonably infer that Defendant had the specific intent to induce infringement.

IPCS' Amended Complaint states that "Defendant was on notice of the '071 patent, Defendant knowingly induced infringement of the '071 patent . . . and possessed specific intent to encourage others' infringement." (D.I. 14 ¶ 17). IPCS' Amended Complaint includes links to Viber's website and specific webpages that it claims "instructs and encourages users to use its VoIP app to make VoIP calls." *Id.* ¶ 20. IPCS also claims that specific webpages provide "detailed support for" Viber's app, "aiding and instructing users on how to make VoIP calls using its VoIP app." *Id.* ¶ 21. Those links, however, do not support the existence of Viber's specific intent to

7

induce infringement.

IPCS cites to *Cipla* for the proposition that induced infringement can be supported by allegations that the defendant sold or offered to sell a product to consumers, who—it can be reasonably inferred—will use the products in an infringing way. 174 F. Supp. 3d at 872. *Cipla* is more persuasive for Defendant's position, however. In *Cipla*, Judge Stark found that the plaintiff adequately pled a claim for induced infringement because "the patented compound [was] (allegedly) the only active ingredient" in the allegedly infringing product, and "the prescribing information for the drug instruct[ed] consumers to use the drug in a way that allegedly infringe[d] the patent." *Id.* Here, IPCS only provides examples of webpages that relate to Viber's *application* and customers' interaction with the VoIP *application*. IPCS fails to allege facts supporting how Viber specifically instructed or directed customers to use the Viber application *and corresponding server system* in a manner that would infringe the '071 patent.

IPCS also cites to *ReefEdge Networks, LLC v. Juniper Networks, Inc.*, 29 F. Supp. 3d 455 (D. Del. 2014) for its argument that providing examples of websites, webpages, or marketing instructions that promote the use of products in an infringing manner is enough for an induced infringement claim to survive the motion to dismiss stage. 29 F. Supp. at 460. In *ReefEdge*, Judge Stark cited to Judge Robinson's opinion in *Telecomm Innovations, LLC v. Ricoh Co., Ltd.*, 966 F. Supp. 2d 390, 395 (D. Del. 2013), to support his finding that Plaintiffs pled "specific intent to induce infringement with sufficient particularity." 29 F. Supp. at 460. In *Telecomm Innovations*, Judge Robinson found specific intent to induce infringement because the defendant provided "technical support and services, as well as detailed explanations, instructions and information as to arrangements, applications and uses of the [a]ccused [i]nstrumentalities" that promoted the use of those instrumentalities in an infringing manner. 966 F. Supp. 2d at 395. As previously

8

mentioned, the main issue here is not the use of support or marketing webpages to evidence specific intent to induce infringement. Instead, IPCS failed to adequately allege how Viber provided technical support services or detailed instructions promoting the use of the VoIP application *and* the server system in an infringing manner. Thus, the court grants Defendant's Motion with regard to the induced infringement claims.

## IV.   CONCLUSION

For the foregoing reasons, the court will grant, without prejudice, Defendant's Motion as to Plaintiff's allegations of induced infringement but deny the Motion as to direct infringement.

Dated: April 5, 2017

UNITED STATES DISTRICT COURT